IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PASSION S. DANIELS,  )
  )
       Plaintiff,  )
  )
-vs-  )    Civil Action No. 13-287E
  )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
       Defendant.  )

AMBROSE, Senior District Judge.

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 9) and granting Defendant's Motion for Summary Judgment. (Docket No. 13).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed her applications for benefits alleging she has been disabled since December 8, 2009. (Docket Nos. 8-5, p. 2). Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on October 31, 2011. (Docket No. 8-2, pp. 27-48). On November 23, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 8-2, pp. 14-22). After exhausting all administrative remedies thereafter, Plaintiff filed

this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

### B. <u>Residual Functional Capacity (RFC)</u>[1]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 10, pp. 11-12). Specifically, Plaintiff submits that the opinion of Dr. Reynaldo Torio, the state agency examining medical consultant, given great weight by the ALJ, did not have the benefit of the complete record in 2010 to formulate a valid assessment. *Id.* As a result, Plaintiff asserts that Dr. Torio's opinion does not amount to substantial evidence and, thus, the ALJ's decision based on the same cannot be based on substantial evidence. *Id.* I disagree.

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

3

An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012). Thus, the ALJ was entitled to rely on Dr. Torio's opinion.

Moreover, the ALJ acknowledged that there was more recent evidence limiting Plaintiff further than the opinion of Dr. Torio. (ECF No. 8-2, p. 20). The ALJ noted that "[t]o the extent that the residual functional capacity differs from Dr. Torio's opinion, the undersigned found more recent evidence indicative of an additional limitation regarding workplace hazards." *Id*. Thus, I find the ALJ properly considered the opinion of Dr. Torio (ECF No. 8-11, pp. 48-54) in accordance with 20 C.F.R. §§416.927. Consequently, I find no error in this regard.

In the alternative, Plaintiff argues that even if Dr. Torio's opinion is considered to constitute substantial evidence, it does not support a finding that she can perform light work. (ECF No. 10, p. 12). Specifically, Plaintiff argues that Dr. Torio opined that "Plaintiff is only able to stand and walk for 2 hours out of a work day, which is much less than is typical of light work." (ECF No. 10, p. 12). As a result, Plaintiff argues that the ALJ's opinion that Plaintiff is capable of light work is not based on substantial evidence. *Id.*

The Code of Federal Regulations generally defines light work as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 416.967(b). Social Security Rule 83-10 specifically defines light work as follows:

> *Light work*. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing -- the primary

> difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.
>
> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, **the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.** Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

(Emphasis in bold added). In this case, the ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §416.967(b), with additional limitations, which was based, *inter alia,* on Dr. Torio's physical RFC assessment, to which the ALJ assigned great weight. (ECF No. 8-2, pp. 17, 20). Dr. Torio found, however, that Plaintiff can only stand and/or walk for 2 hours a day. (ECF No. 8-11, p. 49). Thus, I find there is not substantial evidence of record to support the ALJ's finding that Plaintiff has a RFC to perform light work.

Nevertheless, I find this error to be harmless. When an ALJ considers someone capable of performing light work, he has concomitantly determined that he or she can also perform sedentary work. 20 CFR § 416.967(b). Sedentary work is defined as work that involves sitting, but only involves "a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §416.967(a). Social Security Rule 83-10 specifically defines sedentary work as limited to, *inter alia,* "no more than about 2 hours of an 8-hour work day…." The vocational expert in this case identified sedentary jobs that an individual with Plaintiff's limitations could perform. (ECF No. 8-2, pp. 43-44). Since the ALJ concomitantly found Plaintiff limited to sedentary work and there are jobs that exist in significant numbers in the national

5

economy that Plaintiff could perform, remand would be futile and would amount to no more than an empty exercise. Plaintiff still would not be under a disability as defined in the Social Security Act. Consequently, I find there is no reason to remand on this basis.

  C. **<u>New evidence submitted to the Appeals Council</u>**

Plaintiff argues that she submitted new and material evidence to the appeals council from her treating physician, Dr. Holly A. Lowther, M.D. (ECF No. 10, pp. 12-14). She argues that remand is necessary because the Appeals Council failed to provide any reason "for its obvious rejection of Dr. Lowther's opinion." (ECF No. 10, p. 13). As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). Thus, my review of the ALJ's decision is limited to the evidence that was before him. 42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 8-13, pp. 50-53) that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, the post-decision evidence was first submitted to the Appeals Council. (ECF No. 10, pp. 12-13). Plaintiff's counsel does not give any reason why he failed to present this evidence to the ALJ prior to him issuing his decision. *See*, ECF No. 10. In fact, counsel stated

6

to the ALJ at the hearing that the record was complete. (ECF No. 8-2, p. 47). Clearly, the medical source statement could have been obtained prior to the closing of the evidence since Plaintiff had treated with Dr. Lowther from July 2010 through August 2011. (ECF No. 8-13, pp. 50-53). Yet, for unknown reasons, Plaintiff did not seek this statement and did not submit it prior to the ALJ's decision. *See,* ECF No. 10. Consequently, I find that Plaintiff has not shown good cause for his failure to submit the additional evidence to the ALJ. Therefore, remand under Sentence Six is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PASSION S. DANIELS,  )
 )
       Plaintiff,  )
 )
 -vs-  )      Civil Action No.  13-287E
 )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
       Defendant.  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 17th day of June, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                           BY THE COURT:

                           s/   Donetta W. Ambrose
                           Donetta W. Ambrose
                           United States Senior District Judge